UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| MICHAEL S. DUNN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No.: 4:16-cv-00208-DML-SEB |
|  | ) |  |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security, Administration, | ) ) ) |  |
|  | ) |  |
| Defendant. | ) |  |

## Decision on Complaint for Judicial Review

Plaintiff Michael S. Dunn applied in March 2013 for Disability Insurance Benefits (DIB) and Supplemental Security Income disability benefits (SSI) under Titles II and XVI, respectively, of the Social Security Act. Acting for the Commissioner of the Social Security Administration following a hearing on June 9, 2015, administrative law judge Matthew C. Kawalek found that Mr. Dunn is not disabled. The Appeals Council denied review of the ALJ's decision, rendering the ALJ's decision for the Commissioner final. Mr. Dunn timely filed this civil action under 42 U.S.C. § 405(g) for review of the Commissioner's decision. The parties consented to the magistrate judge conducting all proceedings and ordering the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Mr. Dunn asserts one error in the Commissioner's decision. He contends that the ALJ failed to evaluate properly the opinion of the state agency examining physician regarding his residual functional capacity.

The court will first describe the legal framework for analyzing disability claims and the court's standard of review, and then address Mr. Dunn's specific assertion of error.

## Standard for Proving Disability

To prove disability, a claimant must show that he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A) (DIB benefits); 42 U.S.C. § 1382c(a)(3)(A) (SSI benefits).[1] Mr. Dunn is disabled if his impairments are of such severity that he is not able to perform the work he previously engaged in and, if based on his age, education, and work experience, he cannot engage in any other kind of substantial gainful work that exists in significant numbers in the national economy. 42 U.S.C. § 423(d)(2)(A). The Social Security Administration ("SSA") has implemented these statutory standards by, in part, prescribing a five-step sequential evaluation process for determining disability. 20 C.F.R. § 404.1520.

---

[1] Two programs of disability benefits are available under the Social Security Act: DIB under Title II for persons who have achieved insured status through employment and withheld premiums, 42 U.S.C. § 423 *et seq.*, and SSI disability benefits under Title XVI for uninsured individuals who meet income and resources criteria., 42 U.S.C. § 1381 *et seq*. The court's citations to the Social Security Act and regulations promulgated by the Social Security Administration are those applicable to DIB benefits. For SSI benefits, materially identical provisions appear in Title XVI and at 20 C.F.R. § 416.901 *et seq.*

2

Step one asks if the claimant is currently engaged in substantial gainful activity; if he is, then he is not disabled. Step two asks whether the claimant's impairments, singly or in combination, are severe; if they are not, then he is not disabled. A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). The third step is an analysis of whether the claimant's impairments, either singly or in combination, meet or equal the criteria of any of the conditions in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. The Listing of Impairments includes medical conditions defined by criteria that the SSA has predetermined are disabling, so that if a claimant meets all of the criteria for a listed impairment or presents medical findings equal in severity to all the criteria for the most similar listed impairment, then the claimant is presumptively disabled and qualifies for benefits. *Sims v. Barnhart,* 309 F.3d 424, 428 (7th Cir. 2002).

If the claimant's impairments do not satisfy a listing, then his residual functional capacity (RFC) is determined for purposes of steps four and five. RFC is a claimant's ability to do work on a regular and continuing basis despite his impairment-related physical and mental limitations. 20 C.F.R. § 404.1545. At the fourth step, if the claimant has the RFC to perform his past relevant work, then he is not disabled. The fifth step asks whether there is work in the relevant economy that the claimant can perform, based on his age, work experience, and education (which are not considered at step four), and his RFC; if so, then he is not disabled.

The individual claiming disability bears the burden of proof at steps one through four. *Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If the claimant meets that burden, then the Commissioner has the burden at step five to show that work exists in significant numbers in the national economy that the claimant can perform, given his age, education, work experience, and functional capacity. 20 C.F.R. § 404.1560(c)(2); *Young v. Barnhart,* 362 F.3d 995, 1000 (7th Cir. 2004).

## Standard for Review of the ALJ's Decision

Judicial review of the Commissioner's (or ALJ's) factual findings is deferential. A court must affirm if no error of law occurred and if the findings are supported by substantial evidence. *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). Substantial evidence means evidence that a reasonable person would accept as adequate to support a conclusion. *Id.* The standard demands more than a scintilla of evidentiary support, but does not demand a preponderance of the evidence. *Wood v. Thompson,* 246 F.3d 1026, 1029 (7th Cir. 2001).

The ALJ is required to articulate a minimal, but legitimate, justification for his decision to accept or reject specific evidence of disability. *Scheck v. Barnhart,* 357 F.3d 697, 700 (7th Cir. 2004). The ALJ need not address every piece of evidence in his decision, but he cannot ignore a line of evidence that undermines the conclusions he made, and he must trace the path of his reasoning and connect the evidence to his findings and conclusions. *Arnett v. Astrue,* 676 F.3d 586, 592 (7th Cir. 2012); *Clifford v. Apfel,* 227 F.3d 863, 872 (7th Cir. 2000).

## Analysis

### I. The ALJ's Sequential Findings

Mr. Dunn was born in November 1961, was 47 years old as of the alleged onset of disability, and 53 years old at the time of the ALJ's decision. Mr. Dunn's work history includes several jobs in shipping and receiving. About eight months before he filed his disability applications, he worked in shipping and receiving for a short period at a home improvement store. That job required the use of a forklift to remove goods from a truck and then standing and walking to place goods on a shelf. (R. 33-34).

At step one, the ALJ determined that although Mr. Dunn had worked after his alleged onset of disability, he gave him the "benefit of the doubt" and found that the work constituted an unsuccessful work attempt. At step two, the ALJ identified mild coronary artery disease with a left bundle-branch block, essential hypertension, and COPD as severe impairments, and decided at step three that no listings were met.

The ALJ next determined Mr. Dunn's residual functional capacity (RFC) for purposes of conducting the required analysis at steps four and five. He decided that he can perform light work—he can lift and carry 10 pounds frequently and 20 pounds occasionally and can stand and/or walk for six hours of an 8-hour workday and can sit for six hours of an 8-hour workday. The ALJ also limited certain climbing abilities and restricted his work to that involving no more than frequent exposure to humidity, extreme heat, and pulmonary irritants.

With this RFC and based on the testimony of a vocational expert, the ALJ determined that Mr. Dunn is capable of performing his past relevant work as a machine tender. Accordingly, he decided at step four that Mr. Dunn is not disabled. The ALJ made alternative findings at step five and, based on the VE's testimony, decided that even if he were not capable of his past work, there are other jobs existing in significant numbers that he can perform.

## II.     Mr. Dunn's Assertion of Error

Mr. Dunn asserts one error. He contends that the ALJ did not properly evaluate the opinion of the examining, consultative physician regarding his functional capacity. As addressed below, the court agrees with Mr. Dunn that the ALJ's grounds for rejecting that opinion are not supported by substantial evidence.

### A. Dr. Smolyar's Opinion

At the behest of the Social Security Administration, Mr. Dunn saw Dr. Albert Smolyar on June 15, 2013, for a consultative physical examination. Dr. Smolyar issued a report of his "Disability Evaluation" of Mr. Dunn (R. 430-31) which contained at the end of the report the doctor's "Medical Source Statement." That portion of the report reads:

> MEDICAL SOURCE STATEMENT: From physical standpoint, the claimant should be able to stand, sit or walk for four hours in an eight hour working day intermittently. He should be able to lift ten pounds as necessary and 20 pounds on occasion.

The crux of this case—and whether Mr. Dunn is capable of performing the light level jobs (involving at least the ability to stand and/or walk for 6 hours) the ALJ found he could perform—depends on the meaning of Dr. Smolyar's opinion that

6

Mr. Dunn can "stand, sit or walk for hour hours in an eight hour working day intermittently."

### B. The ALJ's Evaluation of Dr. Smolyar's Opinion

The ALJ first remarked that he gave "moderate weight" to Dr. Smolyar's opinion because he found the opinion "unclear" and "vague." The ALJ stated that he could not tell what Dr. Smolyar meant by expressing a limitation of four hours intermittently for "stand, sit or walk." He noted that if Dr. Smolyar meant that Mr. Dunn was capable of only four hours total of combined sitting/standing/walking in a work day, then his opinion is rejected because of the lack of objective medical findings to support a conclusion that Mr. Dunn's functional capacity is limited to a 4-hour workday. (R. 18). He then noted that if Dr. Smolyar meant that Mr. Dunn can sit only up to four hours in a workday, then his opinion is rejected because "there is no noted finding that would support restricting the claimant's sitting to only 4 hours in an 8-hour workday." (*Id.*) The ALJ then stated that if Dr. Smolyar meant that Mr. Dunn's standing and walking is a combined eight hours, then the opinion is "relatively consistent with the record" and the ALJ's ultimate decision about Mr. Dunn's functional capacity. (*Id.*). The ALJ then concluded that because Dr. Smolyar had not included any environmental restrictions [although Dr. Smolyar had not noted any pulmonary issues] and "[b]ecause of the vagueness of the assessment, . . . I give his opinion only moderate weight despite his standing as an examining source." (R. 19).

### C. The ALJ Credits the Reviewing Physicians

The ALJ chose instead to give great weight to the opinions of the state reviewing physicians (those who did not examine Mr. Dunn), who determined that he is capable of six hours total of sitting and six hours total of standing and/or walking. *See* R. 98.

Mr. Dunn complains it was error to do so because the ALJ's reasoning for rejecting Dr. Smolyer's opinion in favor of the opinions of the reviewing physicians is unsound. The court agrees. As the Seventh Circuit has noted, when an ALJ rejects the opinion from an examining source in favor of findings from a non-examining source, it causes a "reviewing court to take notice and await a good explanation for this unusual step." *Beardsley v. Colvin,* 758 F.3d 834, 839 (7th Cir. 2014) (addressing an ALJ's rejection of the opinion of a consultative physician who examined the claimant in favor of the opinion of a state agency reviewer who did not). The ALJ's explanation does not pass muster in this case.

First, it was not appropriate in this case to reject Dr. Smolyer's opinion about Mr. Dunn's sitting/standing/walking abilities merely because the ALJ could not decide the meaning of the opinion. That's not a factor under the regulations for evaluating medical opinions. The evaluation of a medical opinion takes into account the degree to which the opinion (a) is supported by relevant evidence and explanations, (b) considered all pertinent evidence, (c) is consistent with the record as a whole, and (d) is supported by other factors, such as the physician's understanding of SSA disability requirements. 20 C.F.R. § 404.1527(d)(3), (4), (6).

The physician's field of specialty and the nature and extent of his treatment relationship with the claimant are also considered. *Id.* § 404.1527(d)(1), (2), and (5).

Second, and more importantly, the ALJ's evaluation of the possible meanings of Dr. Smolyer's opinion omitted perhaps the most logical meaning. Recall that the ALJ surmised that Dr. Smolyer may have meant three possible things: that Mr. Dunn could sit/stand/walk in combination for only four hours per day (which he rejected as inconsistent with the medical evidence); that Mr. Dunn could only sit four hours per day (which he rejected as inconsistent with the medical evidence); and that Mr. Dunn could stand for four hours per day and additionally walk for four hours per day for a combined total of eight hours of standing and walking (which he found was "relatively consistent with the record"). The ALJ omitted the strong possibility that Dr. Smolyer expressed the sitting and standing/walking abilities in a way substantially identical to the way state reviewing physicians do. That is, they evaluate the total amount of time a claimant can sit during an 8-hour workday and separately evaluate the total *combined* time that a claimant can stand and/or walk. *See, e.g.,* R. 98. Here, that would mean that Dr. Smolyer's opinion is that Mr. Dunn can sit up to four hours (which the ALJ provided a reason for rejecting) and can stand and/or walk for a *total* of four hours (which the ALJ's decision omits from consideration and thus contains no reason for rejecting).[2] The ALJ's suggestion that

---

[2] Indeed, as Mr. Dunn points out, the ALJ appears to have so interpreted Dr. Smolyer's opinion when he questioned the vocational expert during the hearing. He asked the VE about an individual who is limited to standing or walking no more than a combined four hours; the VE stated that that limitation would "put this hypothetical individual at sedentary." (R. 55). That conclusion—sedentary—does

9

Dr. Smolyar combined four hours of walking with four hours of standing (for a total of eight hours of those activities) seems to ignore the human condition. If a human is walking, then he is standing. If Mr. Dunn, in Dr. Smolyer's opinion, can stand for only four hours, then one cannot add another four hours of walking—that would equate to eight hours of standing—and not even the ALJ suggests that's an appropriate RFC for Mr. Dunn. In short, the ALJ ignored a line of evidence that detracts from the conclusions he made. *Arnett v. Astrue,* 676 F.3d 586, 592 (7th Cir. 2012).

The ALJ's rejection of Dr. Smolyer's opinion as "vague" and "unclear" and his failure even to consider, and then evaluate, the most likely meaning and the one consistent with the way sitting and standing/walking abilities are expressed by agency physicians convinces the court that the Commissioner's decision must be reversed and remanded.

## Conclusion

For the foregoing reasons, the court REVERSES AND REMANDS under sentence four of 42 U.S.C. § 405(g) the Commissioner's decision that Mr. Dunn was not disabled.

So ORDERED.

Dated: March 20, 2018

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

---

not fit the ALJ's decision that Mr. Dunn is capable of light work, which may be the reason the ALJ omitted from his discussion perhaps the most obvious interpretation of Dr. Smolyer's opinion—standing or walking no more than four hours combined.

10

Distribution:

All ECF-registered counsel of record by email through the court's ECF system